IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Gerald Malsbary, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Performant Recovery, Inc., | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| Defendant. | |

For this Complaint, the Plaintiff, Gerald Malsbary, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and North Carolina Fair Debt Collection Practices Act, by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Gerald Malsbary ("Plaintiff"), is an adult individual residing in Gastonia, North Carolina, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Performant Recovery, Inc. ("Performant"), is a California business entity with an address of 333 North Canyons Parkway, Suite 100, Livermore, California 94551,

operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6. The Plaintiff allegedly incurred a financial obligation (the "Debt") as co-signer to an original creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to Performant for collection, or Performant was employed by the Creditor to collect the Debt.

9. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Performant Engages in Harassment and Abusive Tactics

10. Within the last year, Performant contacted Plaintiff in an attempt to collect the Debt.

11. Performant's initial contact with Plaintiff was with Plaintiff's wife, where in they pumped her for information which she could not provide

12. Performant subsequently reached the Plaintiff on the phone and during this call, the first time any contact was made with him, the Performant operative quoted the Plaintiff's wife comments she had made the day before under duress: "Your wife is right, Mr. Malsbary. You cannot even remember how many loans you co-signed! When are you going to pay us the $22,000+ you owe us?"

2

13. Performant failed to inform Plaintiff that the call was an attempt to collect the Debt and all information obtained would be used for that purpose.

14. Performant used loud and abusive language with Plaintiff that he did not know what he was doing when Plaintiff co-signed for the Debt.

15. Performant further stated: "we are done here" and terminated the call while Plaintiff was attempting to explain his position.

16. Performant sent Plaintiff a thirty day validation letter dated December 19, 2013. The next day, Performant sent Plaintiff another letter discouraging Plaintiff from responding in writing and urging Plaintiff to call Performant instead and make payment arrangements.

**C. Plaintiff Suffered Actual Damages**

17. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

19. The Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

3

21.     The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

22.     The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

23.     The Defendant's conduct violated 15 U.S.C. § 1692e(11) in that Defendant failed to inform the consumer that the communication was an attempt to collect a debt.

24.     The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

25.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

26.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

### VIOLATIONS OF THE NORTH CAROLINA FAIR DEBT COLLECTION PRACTICES ACT, N.C. Gen.Stat. § 58-70, et seq.

27.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28.     The Plaintiff is a "person" as the term is defined by N.C. Gen.Stat. § 58-70-6(4).

29.     The Defendant is a "collection agency" as the term is defined by N.C. Gen.Stat. § 58-70-15, and is duly licensed to collect debt in the state of North Carolina pursuant to N.C. Gen.Stat. § 58-70-1.

30.     The Defendant caused a telephone to ring or engaged the Plaintiff in telephone conversation with such frequency as to be unreasonable or to constitute a harassment to the

4

Plaintiff under the circumstances or at times known to be times other than normal waking hours of the Plaintiff, in violation of N.C. Gen.Stat. § 58-70-100(3).

31. The Defendant failed to disclose in the initial communication with the Plaintiff that Defendant were attempting to collect a debt and that any information obtained would be used for that purpose, and the failure to disclose in subsequent communications that the communication was from a debt collector, in violation of N.C. Gen.Stat. § 58-70-110(2).

32. The Defendant falsely represented the character, extent, or amount of the Debt or its status in any legal proceeding in violation of N.C. Gen.Stat. § 58-70-110(4)

33. The Defendant falsely represented the creditor's rights or intentions, in violation of N.C. Gen.Stat. § 58-70-110(4).

## COUNT III

## VIOLATION OF THE NORTH CAROLINA UNFAIR TRADE PRACTICES ACT, N.C. Gen.Stat. § 75-1.1, et seq.

34. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The Defendants' unfair or deceptive acts to collect the Debt occurred in commerce, in violation of N.C. Gen.Stat. § 75-1.1.

36. The Plaintiff suffered mental anguish, lost wages and other damages in an amount to be proven at trial.

37. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under N.C. Gen.Stat. § 75-1.1 and, as such, the Plaintiff is entitled to damages plus reasonable attorney's fees.

5

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

4. Actual damages pursuant to N.C. Gen.Stat. § 58-70-130(a);

5. Statutory damages of $4,000.00 per violation pursuant to N.C. Gen.Stat. § 58-70-130(b);

6. Attorney's fees pursuant to N.C.G.S. § 75-16.1;

7. Punitive damages; and

8. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: February 4, 2014

                Respectfully submitted,

                By:   /s/ Ruth M. Allen

                Ruth M. Allen, Esq.
                Bar Number: 34739
                7413 Six Forks Road, Suite 326
                Raleigh NC  27615
                Email: rallen@lemberglaw.com
                Telephone: (855) 301-2100 Ext. 5536
                Facsimile:  (888) 953-6237
                Attorney for Plaintiff

                Of Counsel To:

Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

7